UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PAUL GULLAS and
CECILIA GULLAS, *pro se*,

                Plaintiffs,

                -against-

MUNICIPAL JUDGE ANNE KATZ,

                Defendant.
------------------------------------------------------------ x

**SUMMARY ORDER**
12-CV-2959 (DLI) (VVP)

**DORA L. IRIZARRY, U.S. District Judge:**

On June 11, 2012, *pro se* plaintiffs Paul and Cecilia Gullas ("Plaintiffs") brought this action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against the Honorable Anne Katz, a housing court judge in New York City Civil Court, Queens County, alleging Judge Katz violated their constitutional rights by issuing a warrant evicting them from an apartment in Queens County, New York. Plaintiffs' request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purposes of the Order. However, for the reasons set forth below, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Legal Standard**

In reviewing Plaintiffs' complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). However, under 28 U.S.C. §

1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F. 3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## II. Discussion

On May 9, 2012, Plaintiffs filed a complaint in this court seeking to enjoin their eviction from an apartment in Queens County, New York. By order dated May 10, 2012, this court dismissed the complaint for failure to state a claim and for lack of subject matter jurisdiction. *See Gullas v. 37-31 73rd St. Owners Corp.*, 2012 WL 1655520 (E.D.N.Y. May 10, 2012). Plaintiffs now bring the instant action against Judge Katz, who presided over Plaintiffs' eviction proceedings in New York City Civil Court, seeking $250,000.00 in monetary damages and an injunction barring Judge Katz from "performing certain acts in the future" as compensation for her allegedly "unlawful" issuance of a warrant of eviction. (*See* Compl. ¶¶ 5, 15, Doc. Entry No. 1.) Plaintiffs' complaint is without merit.

Under the common law doctrine of judicial immunity, a judge is absolutely immune from a suit for money damages unless (1) the actions giving rise to the suit were "not taken in the judge's judicial capacity" or (2) the suit arises from actions taken by the judge "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam); *accord Musgrave v. Hoyos*, 115 F. App'x 519, 520 (2d Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547,

2

554 (1967)) (holding judges cannot be held liable for damages under Section 1983, even for allegedly unconstitutional acts). In addition, the Federal Courts Improvement Act ("FCIA") bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Jones v. Newman*, 1999 WL 493429, at *6 (S.D.N.Y. June 30, 1999) (citations omitted); *accord Rodriguez v. Trager*, 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010) (FCIA extends judicial immunity to actions seeking prospective injunctive relief).

Here, Plaintiffs bring their suit against Judge Katz solely based on acts she performed in her official judicial capacity in connection with Plaintiffs' eviction proceedings in state housing court. As such, Judge Katz is absolutely immune from Plaintiffs' suit. Moreover, Plaintiffs do not allege that Judge Katz violated a declaratory decree or that declaratory relief is unavailable to them. Therefore, Plaintiffs' claim for injunctive relief is also foreclosed. For these reasons, the complaint is dismissed in its entirety as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Montero v. Travis*, 171 F. 3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune.") (internal quotations omitted).

## III. Conclusion

For the foregoing reasons, the complaint is dismissed, with prejudice, as frivolous. 28 U.S.C. §1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:     Brooklyn, New York
           July 23, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge